## HAWKINS v. COLLINS.

1. RELEASE—BAR—JURY.—If a release by a plaintiff to a defendant from a lawsuit commenced is based on valuable consideration, it is a bar to the action, but whether the consideration is valuable, is a question for the jury.

2. IBID.—DAMAGES.—If chattels be attached and suit be brought by owner for damages for conversion, and defendant, after suit begun, returned to plaintiff some of the converted property as consideration of a release from the suit, such release can only be based on valuable

consideration, in case the defendant was lawfully entitled to the chattels.

3. An Exception alleging error in Judge in charge in stating parts of argument as such, without stating in what particulars such argument or such remarks were prejudicial, will not be considered.

4. Waiver—Claim and Delivery—Damages.—Where the allegations of a complaint state a cause of action both in claim and delivery, and for damages for conversion of chattels, and the record does not disclose that plaintiff had elected on which cause of action he woul l proceed, when he executed a release to defendant, it cannot be held that by electing to proceed for damages, he thereby waived his property rights in the chattels.

5. Ibid.—Ibid.—If it appear that plaintiff was willing to waive his property rights in chattels and sue for damages, and the defendant denies wrongful conversion, title is not in defendant until judgment in his favor.

6. Joint Tenant—Waiver.—One joint owner of chattels cannot enter into an agreement by which the right of the other joint owner to set up his title in the property is waived.

Before Benet, J., Greenwood, November, 1900. Affirmed.

Action by Frederick Hawkins and Mamie Hawkins against W. A. Collins and John Collins. From judgment for plaintiffs against defendant, W. A. Collins, he appeals.

*Messrs. Caldwell & Park,* for appellant, cite: *To avoid a release for fraud, party must return what he has received upon it:* 56 S. C., 515; 1 Strob., 396; 7 Ency. Pl. & Pr., 368 and 370, and notes. *Verdict changes title to property:* 1 Speer, 182; Rice, 62; 2 Mills Con. R., 228. *As to release by one of two joint obligees:* Pomeroy, secs. 221, 223, 231. *As to consideration of release:* 6 Ency., 2 ed., 678. *As to inconsistent charges:* Thomp. on Charging, sec. 69; 15 S. C., 392; 51 S. C., 453.

*Mr. E. S. F. Giles,* contra, cites: *It is admissible to show condition of plaintiff at time of signing release:* 38 S. C., 199. *A contract extorted by duress deprives party of no rights:* Bail., 86; 2 Bay, 211, 470; 38 S. C., 199. *Mere*

*fact that suit was brought for damages instead of claim and delivery does not vest title to it in defendant until after verdict:* Rice, 62; 1 Mills, 344; 1 Speer, 182; 2 Bail., 473.

September 20, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record contains the following statement: "This action was commenced by the plaintiffs on the 11th day of November, 1898, against the defendants, in the Court of Common Pleas for Greenwood County. The plaintiffs alleging that on the 9th and 10th days of November, 1898, the defendants wantonly, wilfully and unlawfully took and carried away, and converted to their own use, the following described personal property, then in the possession of and belonging to the plaintiffs, to wit: two bales of lint cotton, 900 pounds of seed cotton, sixty-eight bushels of cotton seed, 500 bundles of fodder, fifteen two-horse loads of pea-vine hay, thirteen bushels of oats, six two-horse wagon loads of corn, and three large black hogs; and asking for actual and punitive damages in the sum of $500. The defendants in their answer set forth that they seized the said chattels under a warrant of attachment issued by a magistrate and that the said chattels were covered by an agricultural lien and a certain mortgage given to the defendant, W. A. Collins, by the said plaintiffs. By a later supplemental answer the defendants set forth that on the 10th day of January, 1899, the defendant W. A. Collins, for himself and his codefendant, Frederick Hawkins, delivered to the plaintiff three hogs, in full settlement of the claims and demands of the plaintiffs set forth in their complaint, and that the said hogs were accepted by the said plaintiffs; and in consideration of the same, Frederick Hawkins executed and delivered to W. A. Collins the release set forth in this case, of which a copy was appended to the answer. On these pleadings the case was, at the November, 1900, term of the Court of Common Pleas for Greenwood County, called for trial; and after the introduction of testimony, the

rulings and charge of the presiding Judge, the jury rendered a verdict for the plaintiffs against the defendant, W. A. Collins, on which judgment was duly entered. The defendant, W. A. Collins, within the proper time made a motion for a new trial on the minutes of the Court, based on the undisputed testimony, that after the commencement of this action the plaintiff, Frederick Hawkins, executed and delivered to the defendant, W. A. Collins, a release from all liability to himself and his coplaintiff arising out of this cause of action, in consideration of three hogs, which hogs were the same for which this action was brought, in part, to recover damages, and that Frederick Hawkins has never returned, or offered to return, the said hogs; it having been submitted that when the plaintiffs neglected to bring this action to recover the value of the property, having another effectual and alternative remedy at hand in an action for claim and delivery, by their election waived their property rights in the chattels to the defendants, and the legal title to the property became vested in the defendants; and a return of a portion of this property as a consideration for the release was a valuable consideration and a complete bar to the recovery by these plaintiffs. From the judgment in this case the defendant, W. A. Collins, appeals to this Court."

The release hereinbefore mentioned was as follows: "In consideration of three hogs given me, or returned to me, this day by W. A. Collins, value of hogs is $15, and receipt of which is hereby acknowledged by me, I hereby agree to discontinue a certain suit or suits brought against W. A. Collins and also John Collins, for $500, on the 11th of November, 1898, entitled Frederick Hawkins and Mamie Hawkins, plaintiffs, against W. A. Collins, also John Collins, defendant, and I hereby acknowledge that I have received satisfaction in full for same, and the same is settled in full by said considerations and amounts above mentioned. (Signed) Frederick (his X mark) Hawkins. Witnesses: J. K. Harvley, H. M. Harvley."

The following are the appellant's exceptions, to wit:

"I. Because his Honor erred in allowing the witness, Frederick Hawkins, one of the plaintiffs, to testify as to his condition when he executed the release; whereas the witness had already stated that he had executed the release, for which three hogs were given him, and that he had never returned, or offered to return, the three hogs; thus having accepted and retained a consideration for the release, he could not be heard to impeach his act without first returning the consideration for which his act was done.

"II. Because his Honor erred in charging the jury, 'if the testimony satisfies you that if Fred. Hawkins did sign such a paper, he was not acting as a free agent, but was doing it under some sort of compulsion; if he was frightened into it, or threatened into it, or induced to do it under duress, that would mean that it was not such a contract or agreement as would bind Fred. Hawkins or affect this suit;' whereas his Honor should have charged the jury that if a valuable consideration was given to Frederick Hawkins for the execution of the release, such consideration must have been returned, or offered to be returned, before any fraud, duress or threats would render the release voidable.

"III. It having been admitted that the three hogs, the consideration for the said release, were the same for which this suit was brought, among other chattels, to recover their value in damages, therefore, from the commencement of this action, the plaintiffs having thereby elected to sue for the value of the property rather than the property itself, waived what property right they might have had in the three hogs; and his Honor should have charged the jury that if these hogs were returned to Hawkins as a consideration for the release, that such consideration was valuable and Hawkins would be bound by it, no matter what fraud, duress or undue influence was used to obtain the release, unless he had returned the consideration or offered to return the same; and when his Honor charged the jury, 'if you come to the conclusion that the hogs were not the property of Collins,

but were the property of Hawkins, or himself and his wife, then they could not stand as a consideration of an agreement binding on Fred. Hawkins,' he committed error, because in so charging he led the jury to believe that if the purported consideration of the release was the same three hogs for which this action was brought to recover damages, then such consideration was not valuable and the release not binding.

"IV. Because his Honor erred in charging the jury, 'if you are satisfied from the testimony that he was under unlawful arrest or imprisonment, unlawfully in the custody of the law, as has been argued to you, you are to say what the testimony is as to that; however, if you come to the conclusion that he was not acting freely and voluntarily, but signed the paper, if he signed it, under duress, that it was extorted from him by fear or any undue influence, then the paper would not bind him;' whereas he should have charged the jury that if the agreement was executed for a valuable consideration, and such consideration had not been returned or offered back, then, even though the said Hawkins was not acting freely and voluntarily, was under duress, or it was extorted from him by fear or undue influence, the release would still have been binding upon him.

"V. That in using the expression, 'as has been argued to you,' his Honor committed error, in that he thereby commented upon the facts of the case, for he thereby referred the minds of the jurors to the argument of plaintiffs' attorneys upon the matter of this release and their inferences from the testimony, making the argument of counsel upon this point a part of his charge, in violation of sec. 26, art. V., of the Constitution.

"VI. That his Honor erred in refusing to grant the motion of the defendants for a new trial, based on the undisputed testimony that after the commencement of this action the plaintiff, Frederick Hawkins, executed and delivered to the defendant, W. A. Collins, a release from all liability to himself and his coplaintiff arising out of this cause of action,

for which release W. A. Collins delivered to the said Haw-kins three hogs, which hogs were the same for which this action was brought in part to recover damages as alleged in the complaint, and that Fred. Hawkins has never returned, or offered to return, the said hogs, for when the plaintiffs elected to bring this action to recover the value of the prop-erty, having another effectual and alternative remedy at hand in an action for claim and delivery, by their election waived their property rights in the chattels to the defend-ants, and the legal title to the property became vested in the defendants, and a return of a portion of this property as a consideration for the release was a valuable consideration and a complete bar to the recovery by these plaintiffs, and his Honor should have so held.

"VII. The defendant, W. A. Collins, asks the Court to dismiss the action on the ground that the undisputed testi-mony in the case shows that after the commencement of this action, the plaintiff, Frederick Hawkins, executed and de-livered to the defendant, W. A. Collins, a release from all liability arising out of this cause of action to himself and his coplaintiff, and accepted and still retains a consideration for such release, and has never offered to return the same; this defendant submits that such release is a complete bar to this action."

His Honor, the presiding Judge, charged the jury: "If the three hogs mentioned in the paper, or referred to in the paper, were the property of Collins, and given to Fred. Hawkins as the consideration for which he was to stop the lawsuit, then that consideration would be regarded a valu-able consideration and would be the basis of a valid agree-ment. Of course, if you come to the conclusion that the hogs were not the property of Collins, but were the property of Hawkins himself, or himself and his wife, then they could not stand as the consideration of an agreement binding on Fred. Hawkins."

The defendant's fifth request was as follows: "5. That the release from or discontinuance of a suit for damages by

one of two joint owners of personal property operates to put an end to the suit, unless it is shown that such release was procured by fraudulent collusion between the releasing plaintiff and the defendant, or unless in the case of fraud, duress or deception, alleged solely against the defendant, any valuable consideration furnished for such release be returned by the party receiving it to the defendant furnishing it." In response to this request his Honor said: "That is law, and it means just what I have already said, that two joint owners of property, in suing for damages or the recovery of the property, must sue together. The suit cannot originally be brought by only one of them, but must be brought by both jointly; and if one of them discontinues the suit, and by discontinue we mean puts an end to the suit so far as he is concerned, then that also puts an end to the suit so far as the other is concerned, unless the release or discontinuance has been procured by fraud, by a fraudulent collusion between one of the plaintiffs and the defendant, and when there has been fraud or deception or duress used and brought to bear upon a plaintiff to induce him or compel him to grant a release or discontinuance, and a valuable consideration has been given him. If such is the case, he may not, after he discovers the fraud, hold on to that consideration and also hold on to the lawsuit; which means in this case that if it be the fact, if the testimony satisfies you, that Fred. Hawkins was imposed upon by the Collinses, or by W. A. Collins, in giving that alleged release for the consideration of three hogs given him, and if he afterwards did not feel bound by that release and still continues the lawsuit, then if the three hogs were the property of Collins, given to Fred. Hawkins and accepted by him as a consideration, then Hawkins cannot hold on to the hogs and also hold on to the lawsuit. He must give back the hogs before he can go on with the lawsuit; he cannot accept a benefit from the fraud and then go on still and ask for damages. Of course, if the hogs in question were not the property of Collins, but

were the property of Hawkins, then this proposition of law would not apply to such a state of facts."

The defendant's sixth request was as follows: "6. No matter what force, fraud or deception is employed by a defendant in a suit for damages by two joint owners of personal property for the purpose of forcing a release and settlement of such a suit, if such defendant furnishes a valuable consideration for such release or settlement, the plaintiff, or the one of them receiving such valuable consideration, must return it to the defendant, in order to resist such release or settlement and proceed with the action; and this is the law whether the release be by one or both of the plaintiffs." His Honor said: "That is the law."

The defendant's eighth request was as follows: "8. Any property of the least value constitutes a valuable consideration; and the estimated proportion of the value of the consideration furnished for the release of an action to the damages claimed in the action, or the actual amount of such damages, is entirely immaterial." In commenting on it the presiding Judge said: "That is the law; purely a question on the part of the person agreeing to release, how much he will do it for. If he does it for a large amount or a small amount, makes no difference. If it is a valuable consideration, it is binding."

We will first consider the exception numbered I. The witness was asked: "What was your condition at that time?" The defendant's attorney objected to the testimony, "because the witness has stated that he has accepted this consideration and has never offered to return it, and has never returned it, and he cannot undertake to show that fraud was practiced upon him, and at the same time take advantage of that fraud." The objection was based on the assumed fact that the release was for valuable consideration, whereas this was to be determined by the jury, and was submitted for their consideration. Furthermore, the presiding Judge charged the jury that

35—61

they could not consider the question of fraud if the release was founded upon a valuable consideration.

The second and fourth exceptions will be considered together. By reference to the charge to the jury, it will be seen that the Circuit Judge charged the propositions of law, which the said exceptions submit he should have charged.

We will next consider the third exception. It will be observed that the question, "whether from the commencement of this action the plaintiffs, having thereby elected to sue for the value of the property rather than the property itself, waived what property right they might have had in the three hogs," was not presented. for consideration nor did the presiding Judge make a ruling thereon, except upon the motion for a new trial hereinafter discussed. It is not claimed that there was error in the proposition of law whereby the presiding Judge instructed the jury: "If you come to the conclusion that the hogs were not the property of Collins, but were the property of Hawkins, or himself and his wife, then they could not stand as a consideration of an agreement binding on Fred. Hawkins," further than "the jury were led to believe that if the purported consideration of the release was the same three hogs for which this action was brought to recover damages, then such consideration was not valuable and the release was not binding." In the first place, even though it should be conceded that if the consideration of the release was the same three hogs for which this action was brought to recover damages, and that such consideration was not valuable and the release not binding, there was nothing in the charge leading the jury to this belief. But, in the second place, if the three hogs were not the property of Collins, but belonged to the plaintiffs, and they were entitled by law to the immediate possession thereof, they could not be made by Collins the basis of an agreement demanding a valuable consideration. Under such circumstances Collins could not be said to part with anything of value.

The fifth exception will next be considered. It fails to

specify in what particulars the argument of counsel was erroneous, or wherein the passing remark of the presiding Judge was prejudicial to the appellant. We proceed to a consideration of the sixth exception. The only question presented by this exception which is not disposed of in considering the other exceptions is whether, "when the plaintiffs elected to bring this action to recover the value of the property, having another effectual and alternative remedy at hand in an action for claim and delivery, by their election waived their property rights in the chattels to the defendants, and that the legal title to the property became vested in the defendants." The allegations of the complaint were appropriate either to an action for claim and delivery or for damages arising from a conversion thereof. The record does not disclose the fact that at the time Fred. Hawkins signed the foregoing agreement the plaintiffs had elected upon which cause of action they would rely. There is, however, another reason why the exception cannot be sustained. Even if it appeared that the plaintiffs were willing to waive their right to sue for the return of the property, and relied upon their right to recover damages for the conversion thereof, the defendants denied that there was a *conversion* on their part which implies an act of *wrong*. See separate opinion in *Holliday* v. *Poston*, 60 S. C., 106. The title to the property was certainly not vested in Collins until the verdict of the jury or the entry of judgment thereon.

We will next consider the seventh exception. This exception cannot be sustained, as it assumed that the release was based upon a valuable consideration. There is also another reason why the Court could not have dismissed the complaint. Even if the agreement had been binding on Fred. Hawkins, he had no right to enter into an agreement so as to affect the rights of the other joint owner of the property. *McCaslan* v. *Nance,* 46 S. C., 568. Freeman on Cotenancy & Partition, sec. 349.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE MCIVER, *concurring in result.* As the Circuit Judge left it to the jury, as a question of fact, to determine whether there was any valuable consideration for the release (which was not under seal), set up in the supplemental answer, and as their verdict must be regarded as a finding that there was no valuable consideration (the ownership of the hogs being the turning point of the case), there was nothing to be returned; and for this reason I concur in the result.