## CACA *v.* WOODRUFF.

[No. 10,487. Filed April 25, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation.*—*Casual Employment.*—Though §9 of the Workmen's Compensation Act expressly excepts casual laborers from the compensatory provisions of the law, yet, under §76, clause b, of the act, an injured workman may recover compensation, even though his employment is casual, if the employment is in the usual course of the employer's business. p. 96.

2. MASTER AND SERVANT.—*Workmen's Compensation.*—*"Employe"*—*"Usual Course of Employment."*—Since additions and repairs to buildings and machinery are necessary to the proper conduct of the milling business, the constructing and making of such additions and repairs is employment "in the usual course of the employer's business" within the meaning of §76 of the Workmen's Compensation Act, defining "employe." p. 96.

3. MASTER AND SERVANT.—*"Usual Course of Business."*—*Independent Contractor.*—A carpenter engaged at different times in build-

ing an addition, and in making repairs, to a mill under the supervision of the owner, for which he was paid weekly at a fixed price per hour, the owner furnishing materials, was an "employe" within the meaning of §76 of the Workmen's Compensation Act, and not an independent contractor, such work being in the usual course of the milling business. p. 97.

From the Industrial Board of Indiana.

Proceedings by John H. Woodruff, employe, against Grant Caca, employer, for compensation under the Workmen's Compensation Act. From an award, the employer appeals. *Affirmed.*

*Thomas E. Kane,* for appellant.
*Gentry & Campbell,* for appellee.

McMAHAN, J.—The appellee filed his petition with the Industrial Board for compensation under the Workmen's Compensation Law. Acts 1915 p. 392, §80201 *et seq.* Burns 1914. He was awarded compensation at the rate of $9.90 per week during total disability, not exceeding 500 weeks, and $75 for medical and hospital services. The appellant has appealed from the award, and the error assigned and relied upon for reversal is "that the award of the full board is contrary to law."

The facts, as shown by the evidence, are in substance as follows: During the months of September, October and November, 1917, and prior thereto, the appellant was the owner and operator of a mill in Noblesville, Indiana, in which he was engaged in the business of grinding wheat and corn and manufacturing feed stuffs; that during said time, and prior thereto, appellee was a carpenter; that in the early part of September, 1917, appellant desired to have a new room added to his mill and to make some repairs in the then existing mill building, and for that pur-

)ose employed appellee and another man to construct the said room and make the repairs, and agreed to pay them a fixed price per hour for their labor; that appellant was to and did furnish all the material. When appellant employed appellee, appellant informed him that the new room and part of the old building was to be covered with tin siding if he could get it. The appellee and his fellow workman undertook said work and worked under the direction and instruction of appellant. The appellant during the progress of the work visited the work three or four times daily, and made suggestions and consulted with appellee as to the method of doing the work. The construction of the additional room and making the repairs took between two and three weeks' time. This work consisted in taking the roof off a shed or driveway, which was a part of the mill building, and constructing a room above one end of the driveway, in the lowering of a floor, in building a stairway and changing and hanging a door, and in constructing bins for holding grain, flour, meal and feed stuffs. The men doing the work were paid each Saturday for the work done during the week. About the time the new room and the repairs were completed, appellant informed the appellee that when he procured the tin siding he would let appellee know, as he wanted appellee to return and put it on. Some time in November the tin siding was procured, and appellant sent word to appellee to come and put it on. Appellee, with the other workman, returned and began putting on the siding, working two days, and while engaged in such work on the morning of the third day, and while standing upon a ladder, became overbalanced and accidentally fell, fracturing his hip. A discharging sore developed as

a result of the injury and it continued its discharge for a period of six months, and from the time of his injury to the time of the hearing before the Industrial Board appellee was wholly disabled for work. That an average weekly wage of $18 was being earned by appellee at the time of his injury. Appellant knew of the injury at the time, but failed to furnish a doctor, and appellee incurred an expense for that purpose of $75, within the first thirty days after the injury.

The appellant contends that the appellee was a casual laborer and, for that reason, not entitled to compensation.

1. Section 9 of the Workmen's Compensation Act, *supra,* expressly excepts casual laborers from the compensatory provisions of the law. Section 76, clause b, of said act, provides that the word "employe" shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. It is quite clear that under our statute a workman can recover compensation even though his employment is casual, if his employment is in the usual course of the employer's business.

2. The appellant was engaged in the milling business, the proper conduct of which required a building and machinery. Buildings and machinery used in such a business at times need to have additions and repairs made thereto. These additions and repairs must be expected and provided for. They are necessary in any business such as that in which appel-

lant is engaged. The making of repairs was a necessary part of his business which he was required to anticipate when the necessity of his business demanded, or his convenience dictated.

The Supreme Court of Wisconsin in a case similar to the one at bar, in speaking of repairs, said: "Being an essential and integral part of every business employing material things in its prosecution, no reason is perceived why one employed to make them should not be classed as an employee of the one for whom they are made. They are essential to the successful prosecution of every business whose implements are subject to the corroding touch of time and a usual concomitant thereof. They are foreseen, provided for, and made when necessary or convenient. The fact that one cannot exactly foretell just when they will have to be made is immaterial." *Holman Creamery Assn.* v. *Industrial Comm.* (1918), 167 Wis. 470, 167 N. W. 808.

Work like that which the appellee was performing at the time of his injury is usual, and, in our judgment, is within the purview of the Workmen's

3. Compensation Act. The work which appellee was doing when injured being in the course of appellant's business, it is not necessary for us to enter into a discussion of the question as to who is, or who is not, a casual employe.

We hold that the appellee was not an independent contractor, that the work which he was doing when injured was in the usual course of appellant's business, and that the award of the board should be affirmed.

The award is affirmed, and, by virtue of the statute, the amount thereof is increased five per cent.