### WAGNER ET AL. *v.* WOOLEY.

[No. 12,627. Filed June 22, 1926. Rehearing denied November 4, 1926.]

1. MASTER AND SERVANT.—*Finding of Industrial Board on conflicting evidence will not be reviewed on appeal.*—A finding by the Industrial Board that, at the time of injury to a workman, he was in defendant's employ, will not be reviewed on appeal where the evidence on that question was conflicting. p. 261.

2. MASTER AND SERVANT.—*An injured employee who was a casual laborer may recover compensation if the employment was "in the usual course of" employer's business.*—Though §9 of the Workmen's Compensation Act (Acts 1915 p. 392, §9454

Burns 1926) excepts casual laborers from the compensation provisions of the Workmen's Compensation Act, an injured employee may recover compensation, even though his employ-.ment was casual, if the employment was "in the usual course of" the employer's business (§9521, cl. 2, Burns 1926).     p. 261.

3. MASTER AND SERVANT.—*Construction of toilet for public garage held to be "in the usual course" of the employer's business within the meaning of the Workmen's Compensation Act.*—The construction of a toilet in connection with a public garage for the use of an employer's customers and employees was employment "in the usual course" of employer's business within the meaning of §72, cl. b of the Workmen's Compensation Act (Acts 1919 p. 170, §9521 Burns 1926) (*Bailey* v. *Humrickhouse*, 83 Ind. App. 497, distinguished).     p. 261.

4. MASTER AND SERVANT.—*Resisting a claim for compensation on the ground of nonliability sufficient to show that parties failed to reach agreement as to compensation.*—The filing of an answer and resisting a claim for compensation under the Workmen's Compensation Act on the ground of nonliability were sufficient to show that the parties failed to reach an agreement as to the compensation before the claim was filed as required by §58 of the act (§9503 Burns 1926).     p. 263.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Robert S. Wooley against Oscar Wagner and another, employers. From an award for claimant, the defendants appeal. *Affirmed.* By the court in banc.

*Tremain & Turner,* for appellants.

*Robert A. Creigmile, Romney L. Willson* and *Russell Willson,* for appellee.

REMY, J.—Appellee filed with the Industrial Board his application for compensation, claiming that he had suffered an injury as the result of an accident which arose out of and in the course of his employment by appellants. To the application, appellants filed a denial. The board found that appellee at the time of his injury was in the service of appellants as an employee, and that the accident which resulted in appellee's injury arose out of and in the course of his employment.

It appears from the evidence submitted at the hear-

ing, that appellants owned and operated a garage in the city of Osgood; that, at the time appellee received the injury for which he seeks compensation, he was assisting in the construction of the frame work of a toilet which was being erected by appellants as a part of the garage equipment. During the forenoon of the previous day, appellee had dug the pit for the toilet, having been employed by appellants. In the afternoon he worked for another party. Early in the morning of the day he was injured, appellee began work on the toilet, and continued so to work until the accident occurred. He testified that he was asked by one of appellants to return next day and assist in finishing the work. The testimony of appellants was that he was not asked to return, and not asked to assist further in the work.

It was a contention of appellants, at the hearing, as it is in this court, that appellee was not in their employment at the time of the accident, but was a mere volunteer. The evidence on that question was conflicting; and under such circumstances the finding and award of the Industrial Board will not be reviewed by this court. *Zeitlow* v. *Smock* (1917), 65 Ind. App. 643, 117 N. E. 665.

A further contention of appellants is that the labor which was being performed by appellant at the time of his injury was casual labor within the meaning of that term as used in §§9 and 76 of the Compensation Act (Acts 1919 pp. 159, 175) ; and in support of their contention, cite *Bailey* v. *Humrickhouse* (1925), 83 Ind. App. 497, 148 N. E. 428.

Although §9 of the act excepts casual labor from the compensation provisions of the law, nevertheless, under clause (b) of §76 of the act, an injured employee may recover compensation, even though his employment is casual, if the employment is "in the

usual course of" the employer's "business." See *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120. The Bailey case relied upon by appellants is readily distinguished from the case at bar. In that case, the labor performed was in the construction of a small private garage, and not in connection with any business which was being conducted by the employers. In the case at bar, the toilet which was being constructed was for the use of appellants' employees and customers, was reasonably necessary in the operation of the public garage, and the doing of work in the construction of the toilet was employment in the usual course of appellants' business, within the meaning of the above designated sections of the act. The conclusion we have reached is in harmony with decisions in other jurisdictions, where the courts have had under consideration compensation acts containing similar provisions as to casual labor. In *State, ex rel.,* v. *District Court* (1918), 141 Minn. 83, 169 N. W. 488, the employee was engaged in building a shed in which were stored materials to be sold by the employer, a retail merchant. The employment was casual, but was held to be within the usual course of the employer's business. In *Walker* v. *Industrial Acc. Comm.* (1918), 177 Cal. 737, 171 Pac. 954, L. R. A. 1918F 212, the employee was engaged in doing occasional jobs of cleaning for one who was operating a lodging house. The Supreme Court of California held that although the labor was casual, it was nevertheless within the usual course of the employer's business, that of conducting a lodging house. By the Wisconsin Supreme Court, it was held that one employed by a packing company to clean up after an ice box had been installed, was performing service within the usual course of the employer's business. *F. C. Gross & Bros. Co.* v. *Industrial Comm.* (1918), 167 Wis. 612, 167 N. W. 809.

It is suggested, also, that prior to the filing by appellee of his claim for compensation, there had been no good faith effort on the part of himself and appellants to reach an agreement, and that, therefore, this court is without jurisdiction. In support of the proposition, appellants cite §58 of the Compensation Act (Acts 1919 p. 170, §9503 Burns 1926) and *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783. It appears from the record that appellants filed an answer denying all liability, and at the hearing resisted the award solely on the ground of nonliability. This action of appellants is sufficient to show that the parties failed to reach an agreement before the claim was filed. The question presented is fully discussed in *Dye & Son* v. *Nichols* (1923), 81 Ind. App. 13, 141 N. E. 259.

Affirmed.