## HEFFNER ET AL. *v.* WHITE.

[No. 17,033.   Filed December 22, 1942.   Rehearing denied February 1, 1943.   Transfer denied April 15, 1943.]

298

*Kenner & Glenn,* of Huntington, for appellant.

*Todd & Craig,* of Indianapolis, for appellee.

BLESSING, C. J.—This is an appeal from an award of the majority members of the Industrial Board, granting appellee compensation for injuries allegedly arising out of and in the course of his employment by the appellants.

The undisputed facts, except for some details which are later set out, are briefly these: The appellants are husband and wife, and at the time of the accident to the appellee, owned a farm of approximately 85 acres, and held title thereto as tenants by the entirety. There was an old summer kitchen and a wood house adjacent to the dwelling at the time the farm was purchased by appellants, and which appellant John Heffner had caused

to be moved into the barnyard during the summer of 1941, and placed on a foundation. A short time before moving to the farm, John Heffner owned a building in the town of Andrews, Indiana, in which he carried on a restaurant business, and in the conduct of which his wife assisted him. About two weeks before the accident involved herein, the appellants moved to the farm. All the tillable ground was rented out by fields, and the appellant John Heffner reserved only such acreage as was necessary for his cows and hogs. The milking of his cows, selling some of the milk, and the care of his hogs, according to the testimony of John Heffner, was his only occupation after he moved to the farm.

Appellee, who also resided in the town of Andrews, had been engaged in the carpentry business for a considerable time before the date of the accident, but he maintained no shop or office. People called on him from time to time to do odd jobs of carpentry. He did a little work for appellant John Heffner during the summer of 1941 in patching a hole in the sidewalk on the restaurant premises where a coal chute had been located. Mrs. Heffner testified that her only occupation at the time of the accident was that of a housewife.

On October 27, 1941, the appellant John Heffner contacted appellee and discussed with him the remodeling of the old summer kitchen and wood house for use as a hog house. The work contemplated was putting in a cement floor and lowering the building by cutting off 11 to 13 inches of the bottom thereof immediately above the foundation. It was estimated that the contemplated alteration would take the time of two men for a period of four days to a week. Appellee inspected the job and agreed to do the work on condition that the appellant John Heffner would help him. Said appellant borrowed some jacks on advice of the appellee, and work was

begun on said building on October 28, 1941, the cement floor being first laid, after which some work was done in cutting off the bottom of the building. On October 29, 1941, appellee was working alone while Mr. Heffner attended to the farm chores. Either on that morning or on the evening before, some of the jacks had been put in place and were supporting a portion of the building. After finishing his chores, Mr. Heffner went to the building, and shortly thereafter and while appellee was on the inside, the jacks suddenly kicked out and the building collapsed. Appellee was pinned under the collapsed building, and as a result suffered two broken vertebrae, five fractured ribs and an injury to his abdomen.

Appellants first contend that the evidence clearly establishes that, if appellee was an employee at all, he was one whose employment was both casual and not in the usual course of the business or occupation of the employer, and therefore is barred from recovery by § 40-1209, Burns' 1933. Section 40-1209, Burns' 1933, provides that the Workmen's Compensation Act shall not apply to casual laborers as defined in § 40-1701, Burns' 1933 . . . or to employers of such persons unless such employers give notice of their election to be so bound. Section 40-1701, Burns' 1933, provides that the term "employee" as used in the Workmen's Compensation Act shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. It is therefore apparent that if appellee's employment was in the usual course of the business or occupation of either of the appellants, then his employment is within the provisions

of the Workmen's Compensation Act entitling him to compensation, notwithstanding the fact that his employment might be determined to be casual.

This pronouncement is fully sustained by the following authorities:  *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120; *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27; *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 52 N. E. 856; *Barker, Rec.* v. *Eddy.* (1933), 97 Ind. App. 94, 185 N. E. 878; *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869; *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. (2d) 97.

In the case of *Caca* v. *Woodruff, supra,* the employer, who was engaged in the milling business, employed a carpenter to make repairs to his mill.  In deciding whether or not the carpenter was a casual employee, the court held that since additions and repairs to buildings and machinery are necessary to the proper conduct of the milling business, the construction of additions and repairs is employment in the usual course of the employer's business.

In the case of *Olsen* v. *Canter, supra,* it was held that painting business rooms which were to be occupied by a merchant in operating a dry goods and grocery store was employment within the usual course of the employer's business.

In the case of *Wagner* v. *Wooley, supra,* it appears that the owners of a garage employed one Wooley to assist in the construction of an outside toilet to said garage.  The court held that the toilet, which was constructed for the use of appellants' employees and customers, was reasonably necessary in the operation of a public garage, and therefore the work of said construction was employment in the usual course of appellants'

business within the meaning of the Workmen's Compensation Act.

The hog house on which appellee was working at the time of his injury was to be used by said appellant in caring for his hogs, and was, therefore, reasonably necessary to the proper conduct and prosecution of John Heffner's business. In view of the facts and the reasoning set forth in the foregoing authorities, we are of the opinion that the work of the appellee in remodeling the building here involved was employment in the usual course of the employer's business.

Appellant argues that if appellee's employment was in the usual course of his employer's business, then it necessarily follows that appellee was a farm or agricultural employee, and is, therefore, precluded from recovery by § 40-1209, Burns' 1933, which excludes farm and agricultural employees from the benefits of the act. With this contention we cannot agree. One engaged in the business of farming, either generally or in a limited way, is frequently required to employ laborers who are not and cannot be classified as farm or agricultural employees. In the case of *Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 160, 174 N. E. 517, the court approved the following language of the case of *Peterson* v. *Farmer's State Bank* (1930), 180 Minn. 40, 230 N. W. 124:

> " '. . . A farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one.' "

The court, in the Peterson case, *supra,* also said:

> " 'Neither the pending task nor the place where it

is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer.' "·

Whether a laborer is or is not a farm employee is determined from the character of the work ·he is required to perform, and not from the general occupation or business of the employer. *Hahn* v. *Grimm* (1935), 101 Ind. App. 74, 198 N. E. 93; *Dowery* v. *State* (1925), 84 Ind. App. 37, 149 N. E. 992. Appellee was not employed to do general farm work, but was employed to exercise his skill as a carpenter, and the fact that he was employed to remodel a farm building does not change the character of his work from carpentry to farm labor.

Appellants next contend that it appears from the evidence that appellee was an independent contractor and therefore cannot recover under the Workmen's Compensation Law.

In addition to the facts hereinbefore set out, the evidence discloses that appellee and the appellant John Heffner worked together; that he, appellee, directed ·the manner in which, and the place where the jacks should be set, and appellant John Heffner did what the appellee asked him to do; that nothing was said concerning the matter of compensation, and after the injury the appellee was paid by check, the amount due being calculated at the rate of fifty cents per hour. This was the rate customarily charged by appellee per hour for his work, and the appellee testified that he presumed that Mr. Heffner was acquainted with his customary charge.

It has been held by this court that a contractor is one who makes an agreement with another to do a piece of work, retaining in himself control of the means, method and manner of producing the· result to be accomplished, neither party having

the right to terminate the contract at will. *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559.

There is no affirmative evidence in the instant case disclosing the fact that John Heffner had divested himself of the right to control the manner of doing the work. Neither is there any evidence showing, or any evidence from which a reasonable inference could be drawn, that appellee White's employment could not be terminated at any time by either party. In the case of *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293, the court held that in the absence of specific evidence on the decisive test, that is, the right of control or the retention thereof, the appellee is to be considered an employee and not an independent contractor. The evidence in this case supports the finding of the Industrial Board that appellee, Jacob L. White, was not an independent contractor. We hold, therefore, that appellee, Jacob L. White, was an employee, and was entitled to compensation for his injury.

The next and final question for consideration is: From whom is appellee entitled to receive compensation? The award of the Industrial Board granting appellee compensation was made against both appellants. Appellants insist that there is no evidence whatever to sustain a recovery against the appellant Faye Heffner.

Section 40-1701, Burns' 1933, provides that the term "employee" shall be construed to include every person in the service of another, under any contract of hire, or apprenticeship.

The undisputed evidence discloses that John Heffner made all the arrangements with appellee, and that Faye Heffner did not make an express contract with said appellee with respect to the alteration of the said

building, nor did she, individually, have any dealings with said appellee from which a contractual relationship could be implied. Since Mrs. Heffner had not contracted with appellee for his services, appellee could not be the employee of Mrs. Heffner under the Workmen's Compensation Law, unless it be found that John Heffner was, at the time he hired appellee, acting as his wife's agent.

The evidence does not disclose any express agreement between John and Faye Heffner, whereby said Faye Heffner authorized John Heffner to act in her behalf regarding the remodeling of the building into a hog house. It must be admitted, however, that the relation of principal and agent is not always created by express agreement, but may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case. *T. D. Downing Co.* v. *Shawmut Corporation* (1923), 245 Mass. 106, 139 N. E. 525, 27 A. L. R. 1522; *Monohan* v. *Grayson County Supply Co.* (1932), 245 Ky. 781, 54 S. W. (2d) 311. See also 2 C. J. S. 1045, Section 23.

In this case the only facts established by the evidence tending to show an implied agency were those showing John and Faye Heffner to be husband and wife; that they were the owners, as tenants by the entirety, of the farm, and that she knew the work was being done.

The mere fact that two or more persons owned undivided interests in the same property does not create any agency relationship between them; and it follows that one cotenant cannot ordinarily bind the other cotenants by contracts with third persons, unless he is duly authorized, or unless they thereafter ratify his act. 14 Am. Jur. 78, Section 4.

The rule has been held to apply to joint tenants, 33

C. J. 913, § 22; *Womack* v. *Douglas* (1914), 157 Ky. 716, 163 S. W. 1130; *Hawkins* v. *Collins* (1901), 61 S. C. 537, 39 S. E. 768, and also to tenants in common. 62 C. J. 533, § 209; *Friar* v. *Baldridge* (1909), 91 Ark. 133, 120 S. W. 989.

An estate by the entireties resembles a joint tenancy, in that there is a right of survivorship in both. Such an estate, however, is distinguishable from a ▮▮▮ joint tenancy in that the latter may be invested in any number of natural persons, each of whom is seised of an undivided moiety of the whole, whereas a tenancy by the entirety is vested in two persons only, who in law are regarded as only one, and each of whom becomes seised of the estate as a whole. 26 Am. Jur. 692, § 66; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44. It has been held in Indiana that the distinctions and peculiarities which distinguish estates by entireties from other estates rest upon the common-law fiction in which husband and wife are regarded as one person. *Sharpe* v. *Baker, supra.*

The relation of agency between husband and wife is governed by the same principles which apply to other agencies, and the marriage relationship alone ▮▮▮ does not establish the relation of principal and agent between husband and wife. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96. Therefore, we can see no reason for applying to tenancies by entirety a different rule, with respect to an implication of agency than is applied to joint tenancy and tenancy in common.

We are forced to the conclusion that neither the marriage relationship nor the manner in which appellants held title to the farm are facts from which an implied agency may be reasonably inferred.

The other facts bearing upon this question are that

John Heffner owned the cows and hogs. He took all the proceeds from his business. He had full authority, in his own right, under the circumstances, to alter the building to suit the requirements of his business. Mrs. Heffner's occupation was that of a housewife.

These additional facts furnish no basis for an inference that the appellant John Heffner was acting as the agent of his wife in the employment of the appellee. The business in which appellee was employed was the business of John Heffner, and not that of his wife.

An award of the Industrial Board must be based upon something more than mere guess, surmise, conjecture or possibility. *McCoy* v. *General Glass Corp.* (1939), 106 Ind. App. 116, 17 N. E. (2d) 473; *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398; *Milholland, etc., Co.* v. *Griffiths* (1932), 94 Ind. App. 62, 178 N. E. 458.

We therefore conclude that the evidence is wholly insufficient to establish any liability for appellee's injury on the appellant Faye Heffner, and the award as to her is reversed. The award as to John Heffner is affirmed.

Stevenson, J., dissents.

NOTE.—Reported in 45 N. E. (2d) 342.