Chief Judge Desmond (concurring).
In Singer v. Walker, I concur for affirmance but I emphatically disagree with the majority’s holding that these papers do not charge the commission by defendant of a tortious act within this State. To my eye the record plainly establishes not one but both bases of jurisdiction described in CPLR 302, that is, that defendant transacted business within this State within the meaning of paragraph 1 of subdivision (a), and also that he committed a tortious act within this State under paragraph 2 of subdivision (a).
The damage being done by this decision is not to the plaintiff and his cause but to the second part of section 302 (subd. [a], par. 2: ‘ ‘ commits a tortious act within the state”) which is being given a restrictive meaning not required or justified, contrary to the plain language of the statute itself and its evident purpose and to the relevant decisions in this court and in courts of other states.
The statutory language (302, subd. [a], par. 2), “ commits a tortious act within the state ’ ’, is taken verbatim from Illinois law (Ill. Rev. Stat., ch. 110, § 17). It has the same meaning as the phrases “ tortious conduct ” in the Connecticut and North Carolina statutes (Conn. Gen. Stat. Rev., § 33-411, subd, [c] [1959]; N. C. Gen. Stat. § 55-145, subd. [a], par. [4] [1955]) and “ part of a tort ” in the Minnesota, Texas, Vermont and West Virginia laws (Minn. Stat. Ann., § 303.13, subd. 1, par. [3] [1964 Supp.]; Tex. Civ. Stat., art. 2031b, § 4 [1959]; Vt. Stat. Ann., tit. 12, § 855; W. Va. Code Ann. [1961], § 3083). All reflect the idea that various separate acts or omissions may. together make out a tort. For instance, the totality of an actionable tort such as *471 is charged here (involving manufacturer’s products liability) consists of three elements: defective manufacture, distribution to purchaser, and a resulting injury. Each of these is a “ tortious act ” or, in other words, a “ part of a tort ”. This complaint charges both negligence and breach of warranty. How it can be, factually or conceptually, that Estwing committed no ‘ ‘ tortious act ’ ’ in this State when, directly and without intervening vendors or distributors, it sent the mislabeled and defective hammer into New York for sale is beyond my understanding. True, the whole tort was not committed here since the manufacture and the origin of the shipment were in Illinois and the resulting physical injury was in Connecticut, hut a tortious act in New York is nevertheless spelled out plainly in these papers. Such is the holding in Gray v. American Radiator & Sanitary Corp. (22 Ill. 2d 432 [1961]) construing the Illinois statute whose language was copied directly into our section 302 (subd. [a], par. 2). Singer’s is a much stronger case than Gray for the application of such a long-arm statute since the defendant manufacturer in Gray did not directly send its product into Illinois at all. The Gray rationale is simply this: when a manufacturer purposefully sends its product into the forum state or when his conduct of his business is such that he contemplates the delivery of his product in a forum state he is guilty of a tortious act in the forum state if the product is defective in such manner that the manufacturer is liable in tort. Such an interpretation of the statute is entirely fair and reasonable, well suited to today’s ways.-of doing business and surely not outside the constitutional permissions explained in McGee v. International Life Ins. Co. (355 U. S. 220) and Hanson v. Denckla (357 U. S. 235). When our Legislature adopted the language of the Illinois Legislature it presumably adopted with it the construction given the statutory language by the Illinois courts in Gray (Shapiro v. United States, 335 U. S. 1, 16-20; Hoffer Bros. v. Smith, 148 Va. 220, 227).
For background and illumination of the phrase “ commits a tortious act within the state ” let us look at New York decisions before section 302 was adopted. The idea that sending into the market, by a manufacturer, a dangerous product or one carelessly labeled is a tortious act and part of an actionable tort goes way back in this State’s decisions to Thomas v. Winchester *472 (6 N. Y. 397) and has gradually been broadened to cover articles which are not inherently dangerous but because of their defects are dangerous when put to an intended use (Smith v. Peerless Glass Co., 259 N. Y. 292; Genesee County Patrons Fire Relief Assn. v. Sonneborn Sons, 263 N. Y. 463; O’Connell v. Westinghouse X-Ray Co., 288 N. Y. 486; Noone v. Perlberg, Inc., 294 N. Y. 680; Markel v. Spencer, 5 N Y 2d 958; and see the nonprivity warranty cases such as Greenberg v. Lorenz, 9 N Y 2d 195). This appeal, therefore, presents the simple and single question: Was that tortious act “ committed ” in New York State! Sending the hammer here into our State was, if the complaint’s allegations be trae, tortious. That the act was committed here is a physical fact, and the words of our statute refer to actualities, not ‘ ‘ some esoteric concept derived from subtle and theoretic analysis ” (to borrow some phraseology from Old Colony R. R. Co. v. Commissioner, 284 U. S. 552, 561).
The cases from other states with- statutes similar to ours apply the meaning and application we are suggesting to the “ tortious act ” and “ tort in whole or in part ” language (Gray v. American Radiator & Sanitary Corp., 22 Ill. 2d 432, supra; Deveny v. Rheem Mfg. Co., 319 F. 2d 124; Smyth v. Twin State Improvement Corp., 116 Vt. 569; O’Brien v. Comstock Foods, 123 Vt. 461; Atkins v. Jones & Laughlin Steel Corp., 258 Minn. 571; Putnam v. Triangle Pubs., 245 N. C. 432). Rufo v. Bastian-Blessing Co. (405 Pa. 12) might seem to be more restrictive but on analysis the case turns out to be one like Feathers v. McLucas in which our court is today holding that the statute does not reach far enough to include it. I find nothing to the contrary in any of the decisions cited by appellant here, nor anything in any of our legislative material including the reports-of the Advisory Committee, to suggest that it was not the New York Legislature’s intent to apply section 302 (subd. [a], par. 2) to a situation like the one disclosed here. The order should be affirmed, with costs, and the certified question answered in the affirmative.
For about the same reasons, I vote to affirm in Feathers v. McLucas. I see no necessity or warrant for restricting the statutory language ‘ ‘ tortious act within the state ’ ’ so narrowly as to defeat the apparent legislative purpose and deprive our citizens of the intended benefits of the statutory plan.
*473 In Longines-Wittnauer: Order affirmed, with costs. Question certified answered in the affirmative.
Chief Judge Desmond and Judges Dye, Van Voobhis, Burke, Scileppi and Bebgan concur.
In Feathers v. McLucas: Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division. Question certified answered in the negative.
Judges Dye, Bubke, Scileppi and Bebgan concur with Judge Fuld; Judge Van Voobhis concurs in result in a separate opinion; Chief Judge Desmond dissents and votes to affirm.
In Singer v. Walker: Order affirmed, with costs. Question certified answered in the affirmative.
Judges Dye, Bubice, Scileppi and Bebgan concur with Judge Fuld; Judge Van Voobhis and Chief Judge Desmond concur in separate opinions.