Richmond

T. Brooks Mims and the
Travelers Insurance Company
v.
George McCoy

November 22, 1978.

Record No. 780360.

Present: All the Justices.

*M. Bruce Wallinger (Wharton, Aldhizer & Weaver,* on brief), for appellants.

*Deborah C. Wyatt; F. Guthrie Gordon, III (Craig T. Redinger; Lowe and Gordon, Ltd.,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

George McCoy, a carpenter by trade, filed an application with the Industrial Commission against T. Brooks Mims and his insurer, The Travelers Insurance Company, claiming workmen's compensation benefits on account of injuries sustained August 11, 1976 when he fell from a scaffold. The hearing commissioner ruled that McCoy was not an "employee" within the coverage of the Workmen's Compensation Act. The full Commission reversed that ruling and awarded McCoy benefits. That ruling raises the only issue posed on appeal.

Mims, a farmer and livestock dealer, decided to remodel his riverfront cabin and adapt it to recreational use for his family and friends. He met McCoy and another carpenter at the cabin and explained the work he wanted done. This included the removal of certain partitions, the installation of sheetrock, insulation, panelling, and cabinets, and the addition of a screened porch. Plumbing and electrical work was to be done by other workers. A lump-sum contract was discussed, but the parties were unable to agree on the price. It was finally decided that the carpenters would be paid an hourly wage; that no taxes would be withheld from their paychecks; that they would choose their own work hours, keep their own time records, and use their own tools; and that Mims would furnish all materials and authorize the carpenters to purchase materials in his name.

Mims was the only person for whom McCoy had worked in 1976. During the two and one-half weeks McCoy worked before his accident, Mims visited the project almost daily, pointed out the work he wanted done, checked on its progress and the need for materials, and occasionally assisted the carpenters. Asked at the hearing if he had undertaken "in any way to tell [McCoy] how to do that work" or "to supervise him at all as he did the work", Mims testified that he had not because he did not "know how to do any carpentry work."

Reciting these undisputed facts, the Commission found that Mims had retained "control" over McCoy's work. Upon that finding, the Commission held that "in determining the status of employee or independent contractor, the element of control is the most important [criterion]" and that McCoy was Mims' employee and entitled to the benefits of the Act.

Code § 65.1-4 defines "employee" as "every person . . . in the service of another under any contract of hire . . . except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer. . . ." Code § 65.1-28 provides that the Act "shall not apply to . . . casual employees". Although Mims relied upon the definitional exception in a memorandum letter filed with the hearing commissioner, the Commission's decision made no reference to either statute. However, while the Commission did not expressly address the question whether McCoy's employment was in the usual course of Mims' occupation or the question whether McCoy was a casual employee, both questions were necessarily subsumed in and adjudicated by the Commission's holding that McCoy was a covered employee.

We do not agree that the Commission's holding was a finding of fact binding upon this Court. When the evidence concerning what constitutes the "usual course" of the employer's trade, business, occupation, or profession or the "casualness" of the claimant's work is in conflict, it raises a question of fact. When, as here, there is no such conflict, what constitutes a covered employee is a question of law. *See Stonega C.&C. Co. v. Sutherland,* 136 Va. 489, 494, 118 S.E. 133, 134 (1923).

McCoy cites a case in which the claimant, whose work was *both* casual and outside the usual course of the employer's

business, was found to be excluded from the Act. *Board of Supervisors* v. *Boaz*, 176 Va. 126, 10 S.E. 2d 498 (1940). *Boaz* did not hold, however, that a claimant is excluded from the Act *only* when his work was both casual *and* outside the usual course of the employer's business.

In *Hoffer Bros.* v. *Smith*, 148 Va. 220, 226, 138 S.E. 474, 476 (1927), we said:

An employment cannot be said to be casual where it is in the usual course of the trade, business or occupation of the employer. But it is casual when not permanent nor periodically regular, but occasional, or by chance, *and* not in the usual course of the employer's trade or business. (emphasis added).

The effect of this holding was explicated in *Boaz*:

[T]he claimant was a casual employee, but, under the holding of this court in *Hoffer Bros.* v. *Smith*, . . . this does not defeat his claim if such employment was in the usual course of the trade, business, occupation or profession of the employer.

176 Va. at 129, 10 S.E.2d at 499.

The logical corollary is that, even though a claimant is not a casual employee, he is excluded from coverage of the Act unless the work he did was in the usual course of the trade, business, occupation, or profession of the employer.

█ It may be fair to say that McCoy's work was not casual and that Mims retained control over the work product (as distinguished from work methods). But all the evidence shows that the work McCoy did was in no way connected with Mims' usual occupation, and we hold that the Commission erred in ruling that McCoy was an employee covered by the Act.

The Commission's order will be reversed, the award will be vacated, and final judgment will be entered here for Mims and his insurer.

*Reversed and final judgment.*