COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


GLENWOOD EDWARD JOHNSON
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0907-98-3   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JANUARY 12, 1999
M S CARRIERS, INC. and
 UNINSURED EMPLOYERS' FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            George L. Townsend (Chandler, Franklin &
            O'Bryan, on briefs), for appellant.

            Thomas G. Bell, Jr. (Timberlake, Smith,
            Thomas & Moses, on brief), for appellee M S
            Carriers, Inc.

            No brief or argument for appellee Uninsured
            Employers' Fund.


     In this workers' compensation case, Glenwood E. Johnson

(claimant) appeals the commission's decision declining

jurisdiction because employer did not have three or more

employees regularly in service within Virginia. Claimant also

appeals the commission's finding that employer's "all-state"

endorsement provision in its out-of-state workers' compensation

policy did not subject it to the jurisdiction of the commission.

 Finding no error, we affirm the commission's decision.

                                I.

     "Under familiar principles, we view the evidence in the

light most favorable to the party prevailing below. The

_____

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

commission's findings of fact will be upheld on appeal if they are supported by credible evidence." Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 280, 494 S.E.2d 474, 475 (1998).

So viewed, the evidence established that claimant, a resident of Virginia, was employed as an over-the-road (OTR) truck driver for employer beginning on July 19, 1994. While employer's headquarters is located in Memphis, Tennessee, claimant drove routes nationwide, including occasional deliveries in Virginia. Claimant estimated that approximately twice per month he would unload or pick-up a load in Virginia, although he was dispatched out of Tennessee.

Employer presented evidence that it is subject to the workers' compensation laws of Tennessee and that its insurance policy contains an "all-state" endorsement provision, covering claims made in states other than Tennessee. Employer concedes that it has two employees regularly in service in Virginia. These include Gary Santolla (Santolla), a driver recruiter in Dublin, Virginia, and an unidentified local driver in Richmond, Virginia. While the company has several other OTR drivers who reside in Virginia, these employees are all dispatched from Tennessee and travel nationwide.

Employer owns terminals in Texas, Tennessee, Georgia, Ohio and West Virginia. The company does not own any facilities in Virginia. However, it leases an office building in Dublin, where Santolla works, and maintains "drop yards" in both Dublin and

Chester, where no employees work but loads are frequently picked up and dropped off. More than three OTR drivers use the drop yards in Virginia.

Based upon this evidence, the commission held that it lacked jurisdiction over the claim. The commission wrote:

> Upon consideration of the cases and from this record, we find the Deputy Commissioner correctly determined the Commission does not have jurisdiction over this claim because the employer had "regularly in service less than three employees in the same business within the Commonwealth" pursuant to Code § 65.2-101(2)(h). We agree that "regularly in service" implies more than occasional pick-ups and drop-offs or merely driving through Virginia. We further agree that in view of this finding, the "all-states" endorsement carried by the employer on its workers' compensation policy does not subject the employer to jurisdiction.

## II.

On appeal, claimant contends that the commission erred in holding that employer had less than three employees regularly in service within the Commonwealth. He argues that credible evidence does not support the commission's finding because on any given day, employer dispatched an OTR driver to unload or pick-up a load in Virginia. Accordingly, claimant concludes, employer collectively had three employees working within the Commonwealth. We disagree.

"[O]nce an employee proves that his or her injury occurred while employed in Virginia, an employer has the burden of producing sufficient evidence upon which the commission can find

that the employer employed less than three employees regularly in service in Virginia." Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 2, 427 S.E.2d 428, 429 (1993), aff'd per curium, 247 Va. 165, 440 S.E.2d 613 (1994).

"Whether a person is an `employee' and whether an employer has three or more employees `regularly in service' are pivotal determinations in deciding if an employer is subject to the Act." Cotman v. Green, 4 Va. App. 256, 258, 356 S.E.2d 447, 448 (1987). Both full-time and part-time employees who are regularly employed to carry out the trade or business of the employer must be counted in determining the number of employees "regularly in service" to employer. See id. at 258-59, 356 S.E.2d at 448. "[A]ny person hired by the employer to work in the usual course of the employer's business is an `employee' under the Act regardless of how often or for low long he may be employed. Id. at 258, 356 S.E.2d at 448 (citing Hoffer Bros. v. Smith, 148 Va. 220, 226, 138 S.E. 474, 476 (1927)).

In the present case, credible evidence supports the commission's finding that employer did not fall within the purview of the Act. It is undisputed that employer has two employees, Santolla and an unidentified local driver, who work on a regular basis within the Commonwealth. However, the other various OTR drivers, delivering loads in Virginia and stopping at the "drop yards" on any given day, do not constitute the third necessary employee. We conclude that this evidence is not

sufficient to establish the required basis of regularity of a single employee under the Act.  Like the commission, we agree that "`regularly in service' implies more that occasional pick-ups and drop-offs or merely driving through Virginia." Accordingly, we affirm the commission's decision.[1]

Affirmed.

---

[1]Claimant also argues that employer's insurance policy containing an "all-state" endorsement provision subjects employer to the jurisdiction of the commission.  This argument is without merit.  The "all-state" endorsement does not create an obligation in Virginia, and employer is not required to maintain coverage since it did not have three employees regularly in service in Virginia.  See Thompson v. Graebel Van Lines, No. 0676-88-4 (Va. Ct. App. Mar. 16, 1989).