(No. 11212.—Judgment affirmed.)

THE R. F. CONWAY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.*—(LOUIS KOSS, Defendant in Error.)

*Opinion filed February 20, 1918.*

1. WORKMEN'S COMPENSATION—*verbal claim for compensation is sufficient under section 24 of the Workmen's Compensation act.* Section 24 of the Workmen's Compensation act of 1913, providing that a claim for compensation must be made within six months after the accident before a proceeding therefor can be maintained, is mandatory; but the claim need not be in writing, and it is sufficient if the injured employee makes a verbal claim.

2. SAME—*failure to pay according to provisions of the statute amounts to denial of claim for compensation.* The failure of the employer to pay compensation to the injured employee prior to the filing of the petition for an adjustment of the claim amounts to a denial of the claim for compensation and gives rise to a question for the determination of the Industrial Board.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM McKINLEY, LUTHER F. BINKLEY, and THOS. C. ANGERSTEIN, for plaintiff in error.

ALBERT N. POWELL, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On January 21, 1915, Louis Koss filed with the Industrial Board an application for the adjustment of a claim against the R. F. Conway Company for injuries received by him on August 25, 1914, which arose out of and in the course of his employment by the Conway Company. He appointed an arbitrator. The Conway Company was notified on April 27, 1915, of the proceeding, and on April 30, 1915, it appointed an arbitrator. An award was made in favor of the claimant, a like award by the Industrial Board upon review, and the circuit court of Cook county, upon a writ of *certiorari,* confirmed the award. The Conway Company sued out a writ of error, and contends that the Industrial Board had no jurisdiction because the record does not show that the plaintiff in error had notice of the accident within six months after the injury or that any claim for compensation was made upon it within six months after the injury, as required by section 24 of the Workmen's Compensation act of 1913, or that there was any dispute between the parties.

At the time of the accident Frank Murray, the foreman of the plaintiff in error, under whom Koss worked, knew of the accident and called a doctor, who amputated Koss' leg and attended him at the hospital. The plaintiff in error knew of the doctor's services and sent him a blank to fill out, and he did so and returned it, so that the employer had notice of the accident within thirty days.

Section 24 of the Workmen's Compensation act of 1913 provided that no proceeding for compensation should be maintained unless claim for compensation had been made within six months after the accident. This provision is mandatory, (*Haiselden* v: *Industrial Board,* 275 Ill. 114,) but the claim need not be in writing. A verbal claim is sufficient. (*Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630.) To

ask for a right as due is to make a claim of that right, and there is evidence tending to show that Koss did this. He talked the matter over with Murray, his foreman, and asked if he was not under the Compensation act and ought not to be getting half wages, and Murray told him he guessed he was under the act. Another time Murray told him his money was as good as gold; that the Conway Company was going to pay it, but he should come and see McCarthy, who was going to pay it. Koss asked a lawyer from the Conway Company, who came to get a statement from him, if he was under the Compensation act, and the lawyer told him he was, and if he wanted any money he should come over as soon as he was able and the company would settle with him without any suits or anything like that. It was manifest that Koss was asking for compensation and the plaintiff in error was admitting its liability. This was sufficient claim for compensation.

The plaintiff in error insists that the Industrial Board was without jurisdiction because there was no dispute between the parties as to any question of law or fact prior to the filing of the petition. Sections 18 and 19 of the act in question provide that all questions of law or fact not settled by agreement of the parties shall be determined by the Industrial Board in the manner provided by the act, and section 6 takes away from the employee all other right of action. When an employer has notice of the claim for compensation he cannot escape payment by admitting his liability. The employee cannot maintain an action at law against the employer. If he cannot apply to the Industrial Board he is without remedy. The failure to pay according to the provisions of the statute amounts to a denial of the claim for compensation and gives rise to a question for the determination of the Industrial Board.

The judgment is affirmed.   *Judgment affirmed.*