### T. J. DYE AND SON *v.* NICHOLS.

[No. 11,710. Filed October 31, 1923. Mandate modified and rehearing denied January 15, 1924.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Failure to Agree on Compensation.—Jurisdiction of Industrial Board.*—In a proceeding for compensation before the Industrial Board, where the employer filed an answer of general denial and resisted the allowance of compensation on the ground that the injury did not arise out of or in the course of the employment, and wholly failed to call the attention of the Industrial Board to the fact that there was no dispute or disagreement on any question relative to the employer's liability to pay, or as to the amount of compensation, he cannot, on appeal, question the jurisdiction of the Industrial Board on the theory that there had been no effort or inability to reach an agreement (*In re Moore,* 79 Ind. App. 470, distinguished). p. 14.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Procedure.*—The Industrial Board has a procedure of its own, and borrows nothing from the Civil Code or from the practice at common law, nor is it bound by the rules of court procedure. p. 19.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Bee Sting.—Accident Arising Out of Employment.—Evidence.—Sufficiency.*—In proceedings under the Workmen's Compensation Act for compensation for the death of claimant's husband, alleged to have resulted from his being stung by bumble bees, testimony *held* insufficient to show that the injury arose out of the employment. p. 19.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act by Sallie B. Nichols and another against T. J. Dye & Son, a partnership. From an award for claimants, the defendants appeal. *Reversed.*

*James W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellants.

*Conrad Wolf* and *Earl B. Barnes,* for appellees.

MCMAHAN, C. J.—On July 19, 1922, Frank S. Nichols lived in Kokomo. On said date and for several days prior thereto, he was in the employ of appellants, and, as such employe, was engaged in reshingling a building on a farm owned by appellants and located about two miles from Kokomo. He went to his work each day in an automobile, returning home at noon each day for dinner. When he was at home at noon July 19, 1922, he told his wife he had been stung by bumble bees. He returned to his work in the afternoon of that day. He died August 24, 1922, leaving a widow and a daughter who was under eighteen years of age. From an award allowing compensation, appellants appeal, and contend that the award is contrary to law.

Appellants contend that the evidence is not sufficient to sustain the finding of facts because it fails to show that any effort was made to secure compensa-

1. tion prior to the filing of the claim for compensation and there being no effort or inability to reach an agreement, the Industrial Board had no jurisdiction in the matter.

Appellants insist that the case of *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783, is controlling on this question. We cannot concur in that contention. In that case the Industrial Board certified a certain state of facts and asked whether under the facts an order dismissing the claim would be according to law. On the facts as certified, the interrogatory was answered in the affirmative. The facts in that case do not disclose what answers, if any, were filed by the employer. They do show that the employer, through its insurance carrier, called at the residence of the widow of the deceased workman in the afternoon of the day on which the workman was buried, for the purpose of settling the question of compensation by agreement; that the widow was not at her residence; that the insurance carrier was unable to locate her, and the next day mailed her a letter in which they admitted liability for the full amount that the widow was entitled to under the law. This letter was returned undelivered because the postal carrier could not locate her. The board also certified as a fact that there was no disagreement or dispute between the widow and the employer as to the liability of the employer for compensation, or as to the rate of compensation. The workman in that case was injured January 2, 1923, and died the same day. He was buried January 7, and the application for compensation was filed January 10, 1923.

In the instant case there is no admission on the part of the employer of liability. In fact, the record shows that the appellants filed an answer of general denial. A large number of witnesses testified on the hearing. The testimony of all these witnesses related to the question as to whether the death of the employe was caused by the alleged stinging by the bees. In other words, appellants contested the application on the ground that

the death was not the result of an injury which arose out of and in the course of the employment.

If appellants had admitted their liability and if it had appeared that there was no question for the board to determine, appellants might be in a position to take advantage of the rule stated in *In re Moore, supra.* But they did not do that. They not only denied liability at the hearing before the board, but they are, on appeal, denying all liability and expressly refrain from stating that they would have agreed to allow appellees compensation if an attempt had been made by appellees before the filing of their application, to secure such an agreement.

In *Barron* v. *Carmichael* (1912), 5 B. W. C. C. 436, an injured workman gave notice of accident and asked for compensation. The employer replied that compensation would be paid so long as the employer's doctor certified incapacity. The workman objected to this limitation. He received no compensation, and neither asked for nor was refused it, further than appears from these facts. The workman filed a request for arbitration. The employer answered, denying the injuries and the incapacity, and set out the circumstances under which it had offered compensation as above, and that the workman had never applied for, nor been ready and willing to receive compensation. Compensation having been awarded, the employer appealed and contended that the trial court had no jurisdiction because no question had arisen between the parties when the request was filed. The court after stating the facts and the substance of the answer said:

"In the face of that answer it is not competent to the employer to say that the Judge had no jurisdiction, because there was no dispute at the date of the application." After referring to *Field* v. *Longden & Sons* (1902), 1 K. B. 47, 4 W. C. C. 20, where before the

application was filed, the employer had admitted its lia-
bility to the workman, and was paying the workman all
compensation he was entitled to under the law and which
the workman was receiving without any objection the
court said: "Nothing of the kind is the case here. On
the contrary the Judge had to decide as between the
workman and the employer whether the incapacity was
total or partial, and, that being so, had to decide that
which was admittedly a dispute when the answer was
put in. Now, the employer wants to say there was no
dispute. He should have taken that as a preliminary
objection without prejudice to the question: 'If you
have jurisdiction I say so-and-so.'" The appeal of the
employer was dismissed on the theory that having
raised a dispute by answer, he was not entitled to say
there was no question. If the employer in that case
had by his answer first raised the point that no question
or dispute had arisen, and then without prejudice
thereto, denied incapacity, the employer could have
raised the point that there was no dispute or question
for the court to decide.

In *Field* v. *Longden & Sons, supra,* the employer, by
way of answer, took the position that there was no
question for arbitration. The employer there had never
denied liability and filed no answer denying liability.
The court, after quoting the statute authorizing the
submission of the question to arbitration, said: "It is
thus by the terms of the sub-section made a condition
precedent to the right to proceed to arbitration, and
to the arbitrator's jurisdiction, that a question should
have arisen as to one or more of three matters, namely,
liability to pay compensation, amount of compensation,
and duration of compensation; and, again, assuming
that such a question has arisen, there is another condi-
tion by which the jurisdiction may or may not be

ousted, namely, that the question has not been settled by agreement. Therefore, in order that the sub-section may apply, a question must have arisen, and it must not have been settled by agreement." In the case last cited, the workman corresponded with the employer, who was willing to pay a named sum during total incapacity leaving the amount to be paid during partial incapacity to be settled when partial incapacity supervened. The workman was willing to accept the sum named, but objected to the agreement being limited to total incapacity and threatened arbitration unless the employer agreed to pay the named sum during total and partial incapacity. No agreement having been reached, the workman filed an application for arbitration. The employer filed an answer admitting liability and total incapacity and submitting to an award for the named amount during total incapacity, the amount of any payment for partial incapacity to be settled thereafter. It was held there was a dispute and that the application should be heard.

In *Conway Co.* v. *Industrial Board* (1918), 282 Ill. 313, 118 N. E. 705, the employer insisted that the Industrial Board was without jurisdiction because there was no dispute between the parties. In that case the employer had admitted his liability, but had failed to make any payment of compensation. In passing upon the question, the court said: "The failure to pay according to the provisions of the statute amounts to a denial of the claim for compensation and gives rise to a question for the determination of the Industrial Board."

Where an employer files an answer to an application for compensation, denying all liability, and, on the hearing before the board, resists the allowance of compensation on the ground that the injury or death was not the result of an accident which arose out of and in the course of the employment, and wholly fails to call the

attention of the Industrial Board, by answer or otherwise, to the fact that there was no dispute or disagreement on any question relative to the employer's liability to pay, or as to the amount of compensation, it is too late to raise that question on appeal to this court. In such a case the action of the employer in denying all liability and resisting the award solely on the ground of nonliability will, on appeal, be sufficient to show that the parties have failed to reach an agreement, so as to prevent a reversal on that ground. The court in *Sillix* v. *Armour & Co.* (1917), 99 Kans. 426, 162 Pac. 278, referring to the action of an employer in contesting an application for an award, said: "Having contested all through the litigation the claim of plaintiff as to the extent of his injuries and the duration and extent of his incapacity, defendant can not be heard to deny the existence of a dispute as to the facts."

The Industrial Board has a procedure of its own and borrows nothing by implication from the Civil Code or from the courts of common law. It is an administrative body, and, as such, is not bound by the rules of court procedure. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276.

Appellants also contend that there is no evidence to show that the bee stings arose out of the employment. The only witness who testified upon this subject was Mrs. Nichols, who stated that when Mr. Nichols was at home at noon he told her he had been stung by bumble bees and that she saw the marks where he was stung, once on the nose and twice on the hand. There is no other evidence on this subject. There is no evidence to show where he was when he was stung, or what he was doing at the time. It follows that the finding is not sustained by the evidence, and that the award is contrary to law.

The award is reversed, with directions to vacate the

finding and award, to grant parties leave to introduce further evidence and for further proceedings not inconsistent with this opinion.