INCORPORATED TOWN OF MUNSTER *v.* TUBBS.

[No. 12,812. Filed June 10, 1927. Rehearing denied October 13, 1927.]

1. MASTER AND SERVANT.—*Evidence held sufficient to warrant inference of employment of deceased for whose death compensation was claimed.*—In a proceeding under the Workmen's Compensation Act for compensation for the death of claimant's husband while working as inspector on a street improvement which was being made by an incorporated town, evidence *held* sufficient to warrant the inference that the town had employed the deceased as such inspector. p. 409.

2. MASTER AND SERVANT.—*Town need not adopt formal ordinance or resolution of employment to bring employee under Workmen's Compensation Act.*—It was not necessary that an incorporated town should adopt a formal ordinance or resolution in order to make a valid employment of an inspector on a street improvement job so as to authorize compensation under the Workmen's Compensation Act for his death while working as such inspector. p. 409.

3. CORPORATIONS.—*Contracts of corporations may be valid though resting on implication or ratification.*—Contracts of

corporations may rest on same footing as those of natural persons, and are valid whether they arise by implication or from ratification of acts done on behalf of the corporation by parties assuming to act as agents, although without sufficient authority.   p. 410.

4.   MUNICIPAL CORPORATIONS.—*Town board may employ inspector for street improvement work.*—Under the provision of cl. 9, §11277 Burns 1926, the board of trustees of a town may pave or otherwise improve the streets thereof, and, incidental thereto, may employ an inspector to see that the work is done and the materials furnished according to the plans and specifications. p. 411.

5.   MASTER AND SERVANT.—*Employer which contested its liability before Industrial Board cannot question jurisdiction of board on appeal.*—An employer which contested its liability on a claim for compensation before the Industrial Board without raising the question of jurisdiction over the claim cannot, on appeal, raise the question that the board had no jurisdiction because there was no evidence of a *bona fide* attempt to settle the claim for compensation before filing it with the board. p. 411.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Versa Virginia Tubbs for compensation for the death of her husband, opposed by the Incorporated Town of Munster.   From an award for claimant, the employer appeals.   *Affirmed.*   By the court in banc.

*Bernard C. Gavit,* for appellant.

*Oscar Haney* and *Bomberger, Peters & Morthland,* for appellee.

NICHOLS, J.—Tony A. Tubbs died on August 1, 1925, from injuries received July 30, 1925, while working as an inspector on a street improvement in Broadmoor addition in the town of Munster, Indiana.   His wife, appellee, as his sole dependent, made application to the Industrial Board against appellant for an adjustment of her claim for compensation for his death.

After a hearing by a member of the Industrial Board, and on appeal to the full board, it awarded her $13.20 per week for 300 weeks, and $100 funeral expenses.

The controlling question presented by appellant is as to whether Tony A. Tubbs was in the employ of appellant, and was engaged in that employment at the time he suffered the injuries resulting in his death.

There is evidence to sustain the following facts: Appellant wanted an inspector on this street improvement, and, contemplating employing an inspector, took 1, 2. the matter up in a town board meeting prior to the time Tubbs went on the job, and prior to his death, and discussed available men for the place. Roscoe Hemstock and Ray Seely, the engineer, were at this meeting. Hemstock suggested a man in Hammond, and the board instructed him, Hemstock, to see this man and see if he was available. The matter was left to Hemstock; if he wanted a man, the board would appoint him. After this meeting, Hemstock telephoned Tubbs and told him about the job and told Tubbs to see Seely, the engineer for the town, and he could get the job from Seely. Hemstock later saw Tubbs on the job and Tubbs told Hemstock that he had gotten the job. Tubbs saw Seely and told him that he was sent out as inspector. Seely accepted Tubbs as inspector and, as engineer for appellant town, discussed the plans and specifications with him, gave him a copy of such plans and specifications, and saw Tubbs on the job inspecting it for about a week, and introduced him to the contractor as the inspector. Seely was engineer for the town of Munster in laying out and building these streets. Tubbs was working on the job as such inspector at the time he was injured, having worked about six or ten days. Tubbs was killed while doing work incident to these improvements, and his business on that subdivision was as an inspector. The street improvement was being done by appellant town which had let the contract, and the work was being done under the special assessment law. Seely, the engineer, was paid out of the special assessment.

The wages in the community for inspectors were from $4 to $12 per day, and another inspector on the same job had been paid from $4 to $5 per day for similar work. It was customary for the town to employ inspectors on work of this kind. The board took no further action toward getting an inspector. This subdivision was in the town of Munster. Tubbs was injured on July 30, 1925, from which injuries he died on August 1, 1925. It appearing by this evidence that another inspector had been employed upon the same job; that it was customary for appellant to employ such inspectors on such work; that at a regular meeting of the board of trustees appellant Hemstock was authorized to negotiate with Tubbs looking to his employment as an inspector; that, knowing that the work was going on, it took no further steps to employ an inspector after Tubbs commenced to perform such services; that appellant engineer accepted him and introduced him to the contractor as the inspector, and furnished him with plans and specifications after a conference in the office, the Industrial Board, under such circumstances, might reasonably infer that appellant had employed Tubbs as such inspector. It was not necessary that appellant should adopt a formal ordinance or resolution in order to make a valid employment of Tubbs.

It is well established that contracts of corporations may rest upon the same footing as those of natural persons, and are valid, whether expressly made by the corporation, or arise by implication, or from ratification of acts done on behalf of the corporation by parties assuming to act as agents, although without sufficient authority. *Board, etc.,* v. *Ritter* (1883), 90 Ind. 362, 370; *City of Logansport* v. *Dykeman* (1888), 116 Ind. 15, 17 N. E. 587.

Appellant contends that even if there was an attempted employment of Tubbs, such employment was

wholly without authority of law and therefore invalid. But we do not so understand the law.

Town boards are by statute expressly given power to lay out, open, change, pave and otherwise improve streets. §11277, cl. 9, Burns 1926. One of the necessary incidents to the performance of their duties in the improvement of streets is the daily inspection thereof to see that the work is being done and the material furnished according to the plans and specifications. While the detail of such supervision is not provided by statute, it necessarily follows as an incidental power that such boards, in their discretion, may employ some one to perform the duty of inspecting the work in order that the town and the property owner may have the improvement for which they pay their money.

Appellant contends that the award was contrary to law for the reason that there was no evidence of a *bona fide* attempt to settle appellee's claim. But having denied liability and resisted payment, it cannot on appeal be heard to question the jurisdiction of the board to hear the application on the ground that there was no *bona fide* effort at settlement. *Dye & Son* v. *Nichols* (1923), 81 Ind. App. 13; *Grasselli Chemical Co.* v. *Simon* (1925), 84 Ind. App. 327, 150 N. E. 617.

The award is affirmed.

McMahan, J., does not participate.