GENERAL AMERICAN TANK CAR CORPORATION *v.*
McGLAUGHLIN.

[No. 13,089.   Filed February 24, 1928.   Rehearing denied March 29, 1928.]

*Gavit, Hall, Smith & Gavit,* for appellant.
*D. P. Sevald* and *David Dillon,* for appellee.

THOMPSON, J.—On January 12, 1927, appellee filed with the Industrial Board an application for compensa-

tion, alleging that on November 10, 1926, he had received an injury to his ankle while in the employ of appellant. An award, made after a hearing before a single member of the Industrial Board, and later affirmed by the full board, gave appellee compensation at the rate of $13.20 per week, beginning on November 18, 1926, and continuing during appellee's temporary total disability, not to exceed the period provided by law.

The error assigned is that the award of the Industrial Board is contrary to law.

It is appellant's contention that the award is not sustained by sufficient evidence, and that the Industrial Board did not have jurisdiction because of its failure to find that appellant and appellee had attempted and failed to reach an agreement regarding compensation.

The burden of proof is always on the applicant to establish his claim, and the Industrial Board, in determining whether such burden has been discharged, may not only weigh the evidence but may also draw reasonable inferences from such facts as it deems established thereby. When the Industrial Board has reached a conclusion as to the ultimate facts which have or have not been established, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471.

One or two of the workmen at the plant where appellee was employed testified that they saw appellee with his shoe off and that he said he had hurt his ankle. A nurse and a doctor at the plant hospital or first-aid station testified that appellee had appeared there with a badly swollen ankle and that they treated it several times. Several witnesses who worked with appellee and knew him, and one witness who had roomed with him, testified that, previous to the injury,

appellee had not complained of having any trouble with his ankle, and that he had not limped. Doctor Parramore, in whose tuberculosis hospital appellee was treated for quite a while after the accident for tuberculosis of the bone in the injured ankle, testified that he thought appellee was suffering from a tubercular condition of the bone in the ankle; that such a condition frequently resulted from a sprain or fracture, and that, in his opinion, the condition of appellee's ankle, if it had been injured about a month before, was the result of that injury. It is evident, therefore, that there is evidence to sustain the award.

As to the second of appellant's contentions, that the board did not have jurisdiction because there was no finding that, at the time the application was filed, there was a "dispute" or "disagreement" between the parties, there is no merit. In cases where there is an appearance and a contest as to the right to compensation claimed, it is not necessary for the board to find that there was, prior to the filing of the said application, a "dispute" between the parties; that fact is apparent upon the face of the record without such specific finding. In support of its contention on the question of jurisdiction, appellant cites the case of *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783. In the case of *Dye & Son* v. *Nichols* (1923), 81 Ind. App. 13, 141 N. E. 259, the court, referring to *In re Moore, supra,* said: "In that case the Industrial Board certified a certain state of facts. . . . The board also certified as a fact that there was no disagreement or dispute between the widow and the employer as to the liability of the employer for compensation, or as to the rate of compensation. . . . In the instant case there is no admission on the part of the employer of liability. In fact, the record shows that the appellants filed an answer of general denial. A large number of witnesses

testified on the hearing. The testimony of all these witnesses related to the question as to whether the death of the employee was caused by the alleged stinging of the bees. In other words, appellants contested the application on the ground that the death was not the result of an injury which arose out of and in the course of the employment. If appellants had admitted their liability and if it had appeared that there was no question for the board to determine, appellants might be in a position to take advantage of the rule stated in *In re Moore, supra.* But they did not do that. They not only denied liability at the hearing before the board, but they are, on appeal, denying all liability and expressly refrain from stating that they would have agreed to allow compensation if any attempt had been made by appellees before the filing of their application, to secure such an agreement."

In the case at bar, the appellant appeared before the Industrial Board and, without filing any answer, contested the claim on its merits, cross-examined appellee and his witnesses, introduced several witnesses in its defense against the claim, and contended earnestly that it was not liable and that appellee's condition was not the result of any injury received during his employment by appellant. In view of these facts, there is no reason why the rule regarding jurisdiction adopted in this state as propounded in the case of *Dye & Son* v. *Nichols, supra,* should not apply in the present case, and we hold that the Industrial Board did have jurisdiction.

We find no reversible error, and the award is affirmed.