GRASSELLI CHEMICAL COMPANY *v.* SIMON ET AL.

[No. 25,234. Filed April 18, 1929.]

42

*Ibach, Gavit, Stinson & Gavit* and *M. H. Miller,* for appellant.

*More N. Oppman* and *George E. Hershman,* for appellees.

GEMMILL, J.—This is an action brought by the appellant in the Lake Circuit Court seeking to enjoin the

appellees, Mary Simon, Benjamin H. Strong, as sheriff of Lake County, Indiana, and John Killigrew, as clerk of the Lake Circuit Court, from enforcing or attempting to enforce an award of the Industrial Board and the judgment of the Lake Circuit Court rendered upon an award in favor of appellee Mary Simon, and against the appellant, upon the theory that the award and judgment were both rendered without jurisdiction on the part of the Industrial Board and the Lake Circuit Court, and that, to enforce the award and the judgment against the appellant would deprive it of its property without due process of law. The action also was for the purpose of vacating the judgment and of quieting title to the real estate of the appellant in Lake County, Indiana, as against the supposed lien of the judgment rendered upon the award.

The appellees filed a demurrer to the complaint for insufficient facts for the reasons that: (1) The action of the Industrial Board and the Appellate Court was conclusive upon the appellant; (2) that the award of the Industrial Board having been affirmed by the Appellate Court, said decision was final and conclusive upon appellant; (3) that the action was a collateral attack upon the award of the Industrial Board; (4) the facts set out in the complaint showed that the Industrial Board had jurisdiction and that the circuit court had jurisdiction to render the award and judgment; (5) the appellant, having elected to come within the provisions of the Workmen's Compensation Act, had waived its constitutional rights in regard to the act.

The cause was submitted to the court upon the appellees' demurrer and the demurrer was sustained, to which ruling the appellant duly excepted and, refusing to plead further, judgment was rendered against it.

On appeal, the appellant assigns errors as follows: (1) The court erred in sustaining appellees' demurrer

to the appellant's complaint and petition; (2) the court erred in entering judgment against appellant on June 8, 1926.

The material allegations of the complaint are as follows: The appellant, Grasselli Chemical Company, prior to February 24, 1923, had elected to come within the provisions of the Workmen's Compensation Act of Indiana. On that date, one Joseph Simon, the husband of appellee Mary Simon, and with whom she was living, was an employee of appellant. On said date, Simon came to death by drowning in the Calumet River, leaving appellee Mary Simon as his sole dependent. Appellant was notified of decedent's death, but no settlement or compensation was paid or offered to the widow, Mary Simon, said appellant at all times denying liability. During the month of January, 1925, the widow, appellee Mary Simon, filed her claim with the Industrial Board asking for an award of compensation against the appellant. Appellant appeared to this petition and contested its liability before the Industrial Board, and such proceedings were had that the full Industrial Board, on May 23, 1925, made a finding that said Joseph Simon came to his death by an accident arising out of and in the course of his employment and awarded compensation to the widow, Mary Simon. The appellant, in appearing to said petition before the Industrial Board and contesting its liability, filed no special answer of any nature or description and did not set up any defense of confession and avoidance.

From the award so made by the Industrial Board, appellant prosecuted an appeal to the Appellate Court of Indiana and thereafter, on December 17, 1925, the Appellate Court by an opinion duly rendered, affirmed said award. *Grasselli Chemical Co.* v. *Simon* (1925), 84 Ind. App. 327, 150 N. E. 617.

Thereafter, appellant refused to pay any part or por-

tion of the award so made by the Industrial Board and affirmed by the Appellate Court of Indiana, and thereafter, on June 8, 1926, in accordance with §62 of the Indiana Workmen's Compensation Act, §9507 Burns 1926, appellee Mary Simon filed in the circuit court of Lake County, Indiana, a certified copy of the judgment or award made by the full Industrial Board of the State of Indiana, and also a certified copy of the opinion and judgment of the Appellate Court affirming the judgment or award by the Industrial Board, and the said Lake Circuit Court, in accordance with the terms and provisions of the statute hereinabove referred to, on said date, rendered judgment upon said award that the appellant pay the sum of $2,357.20 and the further sum of $13.20 per week, payable weekly, for 129 weeks, together with all costs laid out and expended.

That said award and said judgment are wholly void and deprive the appellant of property without due process of law for the reason that the said Workmen's Compensation Act provides in §58 that if the employer and injured employee or his dependents fail to reach an agreement in regard to the compensation payable under this act, either party may make an application to the Industrial Board for the determination of the matters in dispute; that the aforesaid Industrial Board had no jurisdiction to award compensation to the said Mary Simon. In the proceedings had before said Industrial Board, it was necessary for said Mary Simon to allege and prove that the said Grasselli Chemical Company and said Mary Simon as dependent had failed to reach an agreement in regard to the compensation payable; that the said Mary Simon had in fact alleged in her claim for compensation that the parties disagreed as to the liability and amount of the compensation, but the Grasselli Chemical Company alleges that, prior to the date of the filing of said claim for compensation, said parties

had not disagreed as to the compensation payable and said claim for compensation was filed by Mary Simon with the Industrial Board before any steps had been taken by Mary Simon as dependent of said Joseph Simon to agree with the Grasselli Chemical Company as to the liability and the amount of compensation payable, and that in the trial of said claim before the Industrial Board, said Mary Simon introduced no evidence whatever to sustain said allegation in her claim or to prove that, before the filing of said claim, the parties had disagreed as to the compensation payable.

That said board was without jurisdiction to hear and determine the claim of said Mary Simon and was without jurisdiction to enter an award in said matter as against the Grasselli Chemical Company. That by reason thereof, the Grasselli Chemical Company has been and is being deprived of its property without due process of law and is being deprived of equal application of the law, contrary to the Fourteenth Amendment of the United States Constitution, and contrary to §§21 and 23, Art. 1 of the Constitution of the State of Indiana. That the purported judgment rendered by the Lake Circuit Court as aforesaid, upon said award, is void and of no effect for the reason that it is founded on said void award; that said judgment is void and of no effect for the reason that said judgment was rendered by the Lake Circuit Court without any jurisdiction and for the reason that the said Grasselli Chemical Company had no notice of the pendency of any action upon said award for the reason that no process was issued by that court in any cause of action then filed in that court; and that, in rendering judgment, the Lake Circuit Court violated §20 of Art. 1 of the state Constitution, for the reason that the appellant was deprived of right of trial by jury.

It appears from the brief of appellees that appellee Mary Simon caused notice of the fact that judgment

was rendered upon said award to be issued and served upon the appellant. On December 16, 1926, the appellees, having theretofore filed application for *certiorari*, the same was granted by this court and writ issued, and said notice, together with the sheriff's return, was brought into the record in this court as shown by the clerk's return to the writ, which said notice and sheriff's return, indorsed thereon, read as follows:

"State of Indiana, County of Lake—ss:
"In the Lake Circuit Court, April Term, 1926.
"*Mary Simon v. Grasselli Chemical Company.* No. 17204

"The defendant, Grasselli Chemical Company, is hereby notified that on June 8th, 1926, The Lake Circuit Court entered judgment against said defendant in the above entitled cause, on the award of the Industrial Board rendered by said Board and affirmed by the Appellate Court of the State of Indiana, as appears from the certified copies of the award of said board and the opinion of said Appellate Court, which judgment was in the sum of Two Thousand and Three Hundred Fifty Seven and 20-100 ($2,357.20) Dollars, plus One Hundred ($100.00) Dollars for funeral benefits, and the sum of Thirteen and 20-100 ($13.20) Dollars payable weekly for 129 weeks from the 8th day of June, 1926.

"You will therefore govern yourselves accordingly.
"(Seal)                          (Signed) John Killigrew,
"Clerk of the Lake Circuit Court.

"Came to hand the 8th day of June, 1926.

"I served this writ the 10th day of June, 1926, on the within named defendant, Grasselli Chemical Company, by reading to and in the hearing and by delivering a true copy of the same to George Kingston, chief clerk of said defendant, at East Chicago, Indiana, within said county

and state. Said George Kingston being the highest officer or agent of any rank found in my county.

"(Signed)                Benjamin H. Strong, Sheriff.
"(Signed)    By John Krouse, deputy Sheriff."

Part of §58 of the Workmen's Compensation Act, as amended, Acts 1919 p. 170, is as follows: "If the employer and the injured employee or his dependents fail to reach an agreement in regard to the compensation payable under this act, . . . : either party may make an application to the Industrial Board for the determination of the matters in dispute. Upon the filing of such application, the board shall set the date of hearing, which shall be as early as practicable, and shall notify the parties in the manner prescribed by the board of the time and place of hearing."

The award by the full Industrial Board of Indiana stated that the defendant appeared by John A. Gavit, its attorney. It also set out Rule 10 of the Industrial Board, providing as follows: "The defendant may file an answer of general denial to the application, petition or complaint of the plaintiff at any time before the date set for the hearing, but no such answer is required, and, if none is filed, the allegations contained in the application, petition or complaint will be deemed to be denied. If the defendant rely upon the special defense that the injury or death of the employee was due to the wilful misconduct of the employee, . . . or any other defense of confession and avoidance, such special defense must be pleaded by an affirmative answer at least five days before the date set for the hearing." It is said therein that no answer alleging a special or affirmative defense was filed.

Appellant claims that the cases of *Dye & Son* v. *Nichols* (1923), 81 Ind. App. 13, 141 N. E. 259; *Eureka Block Coal Co.* v. *Wells* (1925), 83 Ind. App. 181, 147 N. E.

811; and *Grasselli Chemical Co.* v. *Simon, supra,* holding that the question of the jurisdiction of the Industrial Board must be raised by pleadings before the board were erroneously decided.

In *Grasselli Chemical Co.* v. *Simon, supra,* appealed from the Industrial Board of Indiana to the Indiana Appellate Court, and being the case out of which this litigation arose, the court said: "Finally, the appellant insists that this cause must be reversed because there is no finding, and no evidence tending to show, that the parties had made an effort to settle this matter and had failed, and that therefore the Industrial Board was without jurisdiction. He relies upon the case of *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783, to sustain his contention. In this case, the appellant has, from the beginning of this proceeding, contested the matter of its liability. Had it, when it first appeared before the single member of the Industrial Board, filed an answer based on the matter now urged, and thereby raised the question as to whether or not there was a disagreement between the parties as to the question of paying compensation, quite a different question would be presented for our consideration. But it appeared and offered its evidence and, from an adverse finding and award, it asked for a review by the full board, and it now appeals to this court, still contesting its liability. No question as to the jurisdiction of the Industrial Board was made below, and it cannot be made for the first time on appeal. *Dye & Son* v. *Nichols* (1923), 81 Ind. App. 13, 141 N. E. 259; *Eureka Block Coal Co.* v. *Wells* (1925), 83 Ind. App. 181, 146 N. E. 869."

In *Dye & Son* v. *Nichols, supra,* the court held that in a proceeding for compensation before the Industrial Board, where the employer filed an answer of general denial and resisted the allowance of compensation on the

ground that the injury did not arise out of or in the course of the employment, and wholly failed to call the attention of the Industrial Board to the fact that there was no dispute or disagreement on any question relative to the employer's liability to pay, or as to the amount of compensation, he cannot, on appeal, question the jurisdiction of the Industrial Board on the theory that there was no effort or inability to reach an agreement. In that case, in regard to the claim of appellant that, there being no effort or inability to reach an agreement, the Industrial Board had no jurisdiction, the court said: "Appellants insist that the case of *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783, is controlling on this question. We cannot concur in that contention. . . . ·If appellants had admitted their liability and if it had appeared that there was no question for the board to determine, appellants might be in a position to take advantage of the rule stated in *In re Moore, supra*. But they did not do that."

.In *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 152 N. E. 856, it was claimed that there had been no good faith effort to reach an agreement, and that therefore the court was without jurisdiction. The court said: "It appears from the record that appellants filed an answer denying all liability, and at the hearing resisted the award solely on the ground of nonliability. This action of appellants is sufficient to show that the parties failed to reach an agreement before the claim was filed."

In *Conway Co.* v. *Industrial Board* (1918), 282 Ill. 313, 118 N. E. 705, it was claimed that the Industrial Board was without jurisdiction because there was no dispute between the parties as to any question of law or fact prior to the filing of the petition. The court said: "The failure to pay according to the provisions of the statute amounts to a denial of the claim for compensation

and gives rise to a question for the determination of the Industrial Board."

In *Sillix* v. *Armour & Co.* (1917), 99 Kans. 426, 162 Pac. 278, it was held that where the employer raised by his answer the question of the duration and extent of the workman's incapacity, and offered evidence in support of such answer, he cannot be heard to say that there was no dispute at the time the action was commenced, citing *Barron* v. *Carmichael* (1912), 5 B. W. C. C. (Eng.) 436.

"Where a party to a judicial proceeding admits, by some act or conduct, the jurisdiction of the court, he may not thereafter, simply because his interests have changed, deny the jurisdiction, especially where the assumption of a contrary position would be to the prejudice of another party who has acquiesced in the position formerly taken." 7 R. C. L. 1044, §76.

Having contested the claim of appellee Mary Simon all through the litigation, the appellant cannot now be heard to deny that they had failed to reach an agreement in regard to the compensation payable.

The Industrial Board had jurisdiction of the application filed with it, and to make the award and the Appellate Court had jurisdiction of the case on appeal.

Section 62 of the Workmen's Compensation Act, same being §9507 Burns 1926, provides as follows: "Any party in interest may file in the circuit or superior court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board, or of an order or decision of the board, or of an award of the board unappealed from, or of an award of the board rendered upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been

rendered in a suit duly heard and determined by said court," etc.

In *Drtina* v. *Charles Tea Co.* (1917), 204 Ill. App. 183, 118 N. E. 69, which was an action in Illinois upon a judgment of the State of Indiana, on an award of the Indiana Industrial Board under the Workmen's Compensation Law, it was decided that failure to give notice of entry of judgment did not, under the laws of such state, invalidate such judgment, where such laws did not require it as a condition precedent to the entry of a judgment. In that case, the court said: "Tested by the laws of Indiana the judgment is valid, and there is no good reason for not according it the same faith and credit in Illinois as if it were a judgment in the ordinary common-law action. The judgment should not be reversed because of the unusualness of the proceeding; most everything was new once."

On application to the circuit court for judgment on an award in accordance with the statute, the court has no jurisdiction to review the decision of the Industrial Board, construe the statute, or determine whether the decision is correct. *Friedman Mfg. Co.* v. *Industrial Commission* (1918), 284 Ill. 554, 120 N. E. 460. Section 62 of the Workmen's Compensation Act, providing that judgment may be entered on the award of the Industrial Board without summons or any other prior notice, is valid, as employees and employers failing to exempt themselves from the act are presumed to consent to it, under §§2 and 3. This section provides a method of enforcing the collection of the award made by the Industrial Board. No objection is found to this section.

The appellant insists that it has been denied the right of a trial by jury. The complaint shows that it had elected to come within the provisions of the Workmen's Compensation Act and that

the company and said Joseph Simon were bound by the terms and conditions of said act. By electing to come under that act, the appellant waived the right of trial by jury. The right to trial by jury is a right that anyone may waive if he shall see fit. *Deibeikis* v. *Link-Belt Co.* (1914), 261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A 241. The appellant appeared before the Industrial Board and did not object to its jurisdiction. As it had a hearing before the Industrial Board and a review of same by the Appellate Court, it has not been deprived of its property without due process of law and has not been deprived of equal protection of the law. The Workmen's Compensation Act, the proceedings in this cause before the Industrial Board and in the Appellate Court, and the action of the Lake Circuit Court in rendering judgment, are not subject to the objections urged by appellant. The court did not err in sustaining appellees' demurrer to appellant's complaint.

The judgment is affirmed. And the temporary injunction pending appeal heretofore granted in this cause is dissolved.