### BIERCK *v*. SPIEGEL FURNITURE COMPANY.

[No. 15,297.   Filed November 14, 1934.]

*Walter C. Reece* and *Claude R. Henry,* for appellant. *James L. Murray,* for appellee.

DUDINE, J.—Appellant filed her claim against appellee before the Industrial Board for compensation as a dependent of Peter Bierck, her deceased husband, who, she alleged in her claim, died as a result of injuries received by him by reason of an accident arising out of and in the course of his employment by appellee.

A hearing having been had before a single member of the board, who entered an award in favor of appellee,

and a review having been had before the full board, the full board found that Peter Bierck was in the employ of appellee, that appellant was totally dependent upon him for support, but that his death "was not the result of any accidental injury arising out of the employment with the defendant," and the board entered an award in accordance with its finding.

This is an appeal from the award. Appellant assigns as error that the award is contrary to law.

Appellant contends the evidence conclusively shows that decedent's death was the result of an accident arising out of and in the course of his employment, and that the evidence does not sustain the finding of the Industrial Board.

The evidence shows that Peter Bierck at the time of the alleged accident was sixty-nine years of age; that he had been regularly employed by appellee for four or five years; that at the time of the alleged accident he was engaged in his duty of off-bearing at a rip-saw; that he had been regularly engaged at that work for about a year; that his work consisted of receiving and removing boards from the rip-saw table as they were ripped; another employee shoved the boards over the table and into the saw; the decedent's job was to hold them to prevent them from falling over the end of the table and to keep the table clear. In the course of such operations, one of the boards fell over decedent's end of the table. That attracted the attention of his said co-worker and caused him to look in the direction toward decedent's end of the table. In so doing he saw decedent in the act of getting up off of the floor, with one knee and one hand on the floor and the other hand on a truck. Decedent got up without assistance but appeared dazed. He was immediately asked whether he was hurt, and replied to said co-worker, "I'll be all right in a minute." To another employee he said he

had hurt his head and hip, and he rubbed his head and hip. Decedent resumed his work within a few minutes. This occurred soon after 11:00 A. M. on Friday, November 17, 1933, and decedent continued his work till noon of that day when he went home. He did not return to work that afternoon. The factory did not run on November 18th and 19th. Decedent returned to work on Monday, November 20th, and worked practically all the time the factory was running that week. He was off the week from November 27 to December 1, but worked from December 4th to 8th, and from December 11th to 14th. He died December 19, 1933.

During the afternoon of Monday, November 20th, the third day after the alleged accident, appellee's foreman asked decedent about the accident and decedent told him not to report the matter, that his (decedent's) brother-in-law, a doctor, took care of him.

From the date of the alleged accident until his death decedent suffered headaches, which became more severe as time went on, his complexion became gradually more sallow, his physical and mental condition became gradually worse.

Doctors attended him until he died and an autopsy was performed on his body, and his brain was examined by experts.

It was clearly shown by the medical witnesses that decedent's death was due to cerebral thrombosis, which is a disease of the brain. It was also clearly shown that dizziness is a symptom of the disease.

With reference to appellant's contention that the evidence conclusively shows that decedent's death was the result of an accident arising out of and in the course of said employment, we note that there was no direct evidence showing that the alleged accident arose out of the employment.

In the hearing had in this matter the hearing member

of the Industrial Board asked the said foreman whether decedent ever told him how or why he fell, and the foreman answered, "No."

Appellant's theory of the case is that appellant's decedent was knocked down by one of the boards while engaged at his work, and that his fatal injuries were caused either by the blow of the board or the fall caused by the blow. There is, however, no direct evidence in the record showing that he was knocked down by one of the boards.

The medical testimony referred to decedent's condition from the date of the alleged accident until his death, and to findings from an autopsy performed upon his body, and included opinions as to the cause of decedent's death. The medical experts opined that his death was due to cerebral thrombosis which was "due to vascular degenerative changes," of which spells of dizziness is a symptom, and which disease is an ordinary occurrence in a man of decedent's age. Said medical testimony shed no light on the question as to whether or not the alleged accident arose out of decedent's employment.

We think the evidence failed to show conclusively that the alleged accident arose out of the employment. See *Swing* v. *Kokomo Steel, etc., Co.* (1921), 75 Ind. App. 124, 125 N. E. 471.

With reference to appellant's contention that the evidence does not sustain the finding of the Industrial Board we deem it sufficient to say that in our opinion it can be reasonably concluded from the evidence that the alleged accident was in fact an incident in which decedent's diseased condition, found by the doctors, caused him to become dizzy and fall. That being true, the award should not be reversed on the ground that the evidence does not sustain the award, because if the evidence is reasonably susceptible to a

conclusion which is in harmony with the decision of the. Industrial Board, the award should be affirmed. See *Grasseli Chemical Co.* v. *Simon* (1926), 84 Ind. App. 327, 150 N. E. 617; *General Amer. Tank Car Corp.* v. *McGlaughlin* (1928), 87 Ind. App. 276, 162 N. E. 30.

No reversible error having been shown, the award is affirmed.